UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GARY W. WOODS,** *et al.*,

        **Plaintiffs,**                      Civil Action 2:13-cv-621

      v.                                Judge James L. Graham

                                        Magistrate Judge Elizabeth P. Deavers

**FACILITYSOURCE, LLC.,** *et al.*,

        **Defendants.**

## OPINION AND ORDER

     Plaintiffs, Gary W. Woods and Nicholas E. Lorenzo, bring this action alleging that Defendants violated their rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and under state law by paying them less than other similarly-situated employees. This matter is before the Court for consideration of Defendants' Motion for Leave to File Amended Complaint (ECF No. 26), Plaintiffs' Memorandum in Opposition (ECF No. 27), and Defendants' Reply (ECF No. 30). The Court also considers Plaintiffs' Motion for Leave to File Sur-Reply. (ECF No. 31.) Plaintiffs' Motion is **GRANTED**. The Clerk is **DIRECTED** to file Plaintiffs' Sur-Reply, which is attached to their Motion as Exhibit 1. (ECF No. 31-1.) The Court therefore considers Plaintiffs' arguments set forth in their Sur-Reply. For the reasons that follow, Defendants' Motion is **GRANTED**.

**I.**

     Plaintiffs filed their Complaint on June 28, 2013, alleging that Defendants discriminated against Woods on the basis of race and against Lorenzo on the basis of his association with Woods. They assert that their salaries are significantly lower than the rate paid to new hires in

the same position. Defendants filed their initial Answer on September 6, 2013. In their Answer, Defendants asserted nine affirmative defenses and reserved the right to supplement to add defenses uncovered during discovery. Defendants did not assert a counterclaim in their initial Answer.

Defendants filed the subject Motion on April 10, 2014. In their Motion, Defendants seek leave to file an Amended Answer to Plaintiffs' Complaint based on new information of which they learned during discovery. Specifically, Defendants assert that Plaintiff Woods falsely misrepresented that he had graduated from high school on his employment application. They maintain that Plaintiff Woods provided inconsistent testimony regarding the reasons he left his previous job, which heightened their suspicion. Defendants therefore subpoenaed Plaintiff Woods' former employer for documents related to his termination. Defendants describe the newly acquired information as follows:

> On March 27, 2014, FacilitySource received information in response to a third-party subpoena purporting to show that Plaintiff Woods engaged in dishonest behavior vis-à-vis FacilitySource, including but not limited to falsification of his employment application . . . . On March 28, 2014 and March 31, 2014, Plaintiff Woods was provided opportunities to provide evidence that he had not engaged in the alleged dishonesty. He failed to do so and was terminated as a result. This Motion was filed just ten (10) days later. Prior to receiving the information on March 27, 2014 in response to the subpoena to Plaintiff Woods' former employer, the Defendants had no knowledge of his dishonest behavior.

(Defs.' Mot. 2-3, ECF No. 26.) As a result of this alleged deception, Defendants now seek to add the following affirmative defenses as to Plaintiff Woods, asserting that all of his claims are barred because of (1) his own misconduct; (2) he was not qualified for his employment; (3) the doctrines of unclean hands, laches, and/or estoppel; (4) his claims are barred by the after acquired evidence doctrine; and (5) his claims are barred by fraudulent inducement.

2

Additionally, Defendants seek to add a counterclaim against Plaintiff Woods for fraudulent inducement.

Plaintiffs oppose the Motion, chiefly as to Defendants attempt to assert a counterclaim against Plaintiff Woods.  In their Memorandum in Opposition, Plaintiffs assert that Defendants have been dilatory in moving for leave to amend because the deadline for amending the pleadings was December 2, 2013 and because they have had Plaintiff Woods' employment application in hand since 2005.  They maintain that Defendants have not provided good cause for the amendment.  Plaintiffs contend that they will be prejudiced by the amendment and that it will result in undue delay because further discovery will be required.  Specifically, they indicate that Plaintiff Woods "would need to conduct discovery on any alleged damages asserted by Defendants related to their counterclaim."  (Pls.' Mem. in Opp. 5, ECF No. 27.)  Plaintiffs assert that the proposed amendments are futile.  Finally, Plaintiffs contend that the Court should decline to exercise jurisdiction over Defendants' state-law counterclaim.  Plaintiffs indicate that the counterclaim does not derive from the same nucleus of operative fact as the instant federal action.

In Defendants' Reply, they assert that they were not dilatory because they filed the subject Motion ten days after learning about the inconsistencies in Plaintiff Woods' application for employment.  As to Plaintiffs' contention that they need discovery on alleged damages, Defendants maintain that further discovery is unnecessary because they are not seeking damages on their counterclaim.  To that end, they have attached a Revised Proposed Counterclaim making clear that they seek rescission of the employment contract and not damages.  Finally, Defendants assert that the proposed counterclaim is "inextricably intertwined" with Plaintiff Woods' claims

3

because it relates to "the contractual employment relationship between Woods and FacilitySource," which will be rescinded if Defendants prevail. (Defs.' Reply 4, ECF No. 30.)

In their Sur-Reply, Plaintiffs again maintain that Defendants have failed to show good cause to modify the Court's scheduling Order. They assert that Plaintiffs will be prejudiced by the amendment because it will be necessary to conduct discovery on the injury element of Defendants' proposed counterclaim, even if Defendants only seek rescission of the employment relationship. Further, Plaintiffs again assert that the amendment would be futile and the counterclaim should be brought in state court.

## II.

Although Federal Rule of Civil Procedure 15(a) governs amendments to the pleadings, when, as here, a motion to amend is brought after the deadline set within the court's scheduling order, a party must satisfy the standards of both Rule 15(a) and 16(b)(4). *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 449 (6th Cir. 2010) (citing *Leary v. Daeschner*, 349 F.3d 888, 905–09 (6th Cir. 2003)). "Once the scheduling order's deadline to amend the complaint passes, . . . a plaintiff *first* must show good cause under Rule 16(b) for failure earlier to seek leave to amend and the district court must evaluate prejudice to the nonmoving party before a court will [even] consider whether amendment is proper under Rule 15(a)." *Commerce Benefits Grp. Inc. v. McKesson Corp*, 326 F. App'x 369, 376 (6th Cir. 2009) (internal quotation marks and citation omitted) (emphasis added); *cf. Johnson v. Metro. Gov't of Nashville & Davidson Cnty*., Nos. 10-6102 & 11-5174, 2012 WL 4945607, at *17 (6th Cir. Oct. 18, 2012) ("Rule 15 is augmented by Rule 16, which states that the generally wide latitude to amend may be restricted by the court's other scheduling orders.").

4

Under Rule 16(b)(4), the Court will modify a case scheduling "only for good cause . . . ." Fed. R. Civ. P. 16(b)(4).  The party seeking modification of the case schedule has the "obligation to demonstrate 'good cause' for failing to comply with the district court's scheduling order . . . ." *Pittman ex rel. Sykes v. Franklin*, 282 F. App'x 418, 425 n.5 (6th Cir. 2008).  In determining whether good cause exists, the primary consideration "is the moving party's diligence in attempting to meet the case management order's requirements." *Commerce*, 326 F. App'x at 377 (internal quotation marks and citation omitted); *see also Leary*, 349 F.3d at 906 (quoting 1983 advisory committee notes to Fed. R. Civ. P. 16) ("But a court choosing to modify the schedule upon a showing of good cause, may do so only 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'").  Finally, the Court must also consider "potential prejudice to the nonmovant . . . ." *Leary*, 349 F.3d at 909.  Even if an amendment would not prejudice the nonmoving party, a plaintiff must still provide good cause for failing to move to amend by the Court's deadline.  *Korn*, 382 F. App'x at 450; *see also Wagner v. Mastiffs*, Nos. 2:08-cv-431, 2:09-cv-0172, 2011 WL 124226, at *4 (S.D. Ohio Jan. 14, 2011) ("[T]he absence of prejudice to the opposing party is not equivalent to a showing of good cause.").

If the proponent of a belated amendment demonstrates good cause under Rule 16(b)(4), a court will then evaluate the proposed amendment under Rule 15(a). *Commerce*, 326 F. App'x at 376.  Pursuant to Rule 15(a), the Court should freely grant a party leave to amend his or her pleadings when justice so requires.  Fed. R. Civ. P. 15(a).  Rule 15(a) sets forth "a liberal policy of permitting amendments to ensure the determination of claims on their merits." *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted).  As the United States Court of Appeals for the Sixth Circuit has noted, "[f]actors that may affect [a Rule 15(a)] determination include undue delay in filing, lack of notice to the opposing party, bad faith by the

5

moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008). In determining prejudice, the Court examines "whether the assertion of the new claim would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McLellan*, 30 F.3d 658, 662–63 (6th Cir. 1994).

### III.

Applying the foregoing authority, the Court concludes that Defendants have demonstrated good cause to modify the scheduling order pursuant to Rule 16(b)(4). Defendants seek leave to amend based on information about which they learned during the discovery process. The record provides no basis from which this Court could conclude that Defendants lacked diligence in conducting discovery or in moving the Court after they discovered their claim. They were able to gather the relevant information and file the instant Motion prior to the Court's April 25, 2014 discovery deadline. Moreover, Defendants filed the instant Motion only ten days after acquiring the new information. Finally, no trial date has been established.

In order to avoid any prejudice to the parties, the Court will permit an extension of the discovery deadline. Defendants assert that no further discovery is necessary because they are merely seeking rescission of Plaintiff Woods' employment contract. Defendants fail to provide authority, however, to support their assertion that no further discovery is warranted on any aspect of their Counterclaim.[1] In any event, the requirement for further discovery in and of itself does

---

[1] Defendants cite to *Sims v. The Kroger Co.*, No. 1:07-CV-00338, ECF No. 71 (S.D. Ind. Dec. 3, 2008) to indicate that merely employing Plaintiff Woods is sufficient to show injury on a claim

not constitute prejudice for the purposes of whether the Court should permit amendment. *See Janikowski v. Bendix Corp.*, 823 F.2d 945, 952 (6th Cir. 1987) (concluding that the burden of additional discovery was not by itself sufficient to constitute undue prejudice). Any prejudice may be mitigated by adjusting the discovery schedule. As the discovery deadline has already passed, the Court will grant the parties an additional **SIXTY (60) DAYS** from the date of this Order to conduct discovery on Defendants' Counterclaim against Plaintiff Woods.

Having demonstrated good cause and given the liberal policy permitting amendment under Rule 15(a), the Court will permit Defendants to amend their Answer to assert additional affirmative defenses and the counter-claim. Plaintiffs' argument that the proposed amendments are futile is unpersuasive. Because "denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits of that claim," this Court has recognized the "conceptual difficulty presented" when a Magistrate Judge, who cannot ordinarily rule on a motion to dismiss, is ruling on such a motion. *See*, *e.g.*, *Durthaler v. Accounts Receivable Mgmt., Inc.*, No. 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) (recognizing the "conceptual difficulty presented"), *and* 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted . . . ."). Accordingly, the Court will permit Defendants to amend their Answer to include a fraudulent inducement counterclaim with the understanding that Plaintiffs are free to challenge this claim through a motion to dismiss.[2] *See Durthaler*, 2011 WL

---

of fraudulent inducement. (Defs.' Reply 5, ECF No. 30.) The *Sims* Court, however, does not address whether it found mere employment sufficient to constitute an injury.

[2] Similarly, if Plaintiffs have objections with regard to the sufficiency of Defendants' new affirmative defenses, they are free to move to strike such defenses.

5008552 at *4 ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss."); *Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Md.*, 715 F.Supp. 578, 581 (S.D.N.Y. 1989) ("The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed.").

Plaintiffs' assertion that the Court should decline to exercise supplemental jurisdiction over Defendants' state law counterclaim is equally unavailing. Under 28 U.S.C. §1367(a), "district courts shall have supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." *Id.* In the proposed counterclaim, Defendants allege that Plaintiff Woods' employment contract with Defendant FacilitySource, LLC was fraudulently induced. Without making any determination regarding the merits of the claim, the Court concludes that the counterclaim arises from the same controversy as Plaintiffs' claims, which are based on their employment with FacilitySource, LLC. *See Packard v. Farmers Ins. Co. of Columbus, Inc.*, 423 F. App'x 580, 583 (6th Cir. 2011) (concluding that "[the same case or controversy] requirement is met when state and federal law claims arise from the same contract, dispute, or transaction."). In the interest of judicial economy, the Court concludes that Defendants are entitled to amend their Answer to include a counterclaim of fraudulent inducement.

## IV.

Accordingly, Defendants' Motion for Leave to Amend Answer is **GRANTED**. (ECF No. 26.) The Clerk is **DIRECTED** to file Defendants' Amended Answer and Counterclaim, which is attached to their Reply as Exhibit 4. (ECF No. 30-4.) Plaintiffs' Motion for Leave to File Sur-Reply is **GRANTED**. (ECF No. 31.) The Clerk is **DIRECTED** to file Plaintiff's Sur-

Reply, which is attached to their Motion as Exhibit 1.  (ECF No. 31-1.)  The parties will have **SIXTY (60) DAYS** from the date of this Order to conduct discovery related to Defendants' Counterclaim against Plaintiff Woods.

    **IT IS SO ORDERED.**


Date: May 5, 2014                                       /s/ *Elizabeth A. Preston Deavers*
                                                                Elizabeth A. Preston Deavers
                                                                United States Magistrate Judge