UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GARY W. WOODS,** *et al.***,**

    **Plaintiffs,**                           Civil Action 2:13-cv-621
v.                                       Judge James L. Graham
                                              Magistrate Judge Elizabeth P. Deavers

**FACILITYSOURCE, LLC.,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

Plaintiffs, Gary W. Woods and Nicolas E. Lorenzo, bring this action alleging that Defendants violated their rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and under state law by paying them less than other similarly-situated employees. This matter is before the Court for consideration of Plaintiffs' Motion to Compel Discovery (ECF No. 44), Defendants' Memorandum in Opposition (ECF No. 45), and Plaintiffs' Reply (ECF No. 47). For the reasons that follow, Plaintiffs' Motion is **GRANTED IN PART AND DENIED IN PART.**

## I.

The Court set forth the factual background of this case and the parties' discovery dispute in its May 5, 2014 and July 1, 2014 Orders. (ECF Nos. 32 and 43.) For ease of reference, the Court incorporates the same background here and will set out only those facts necessary to dispose of the instant motion.

This discovery dispute arose as a result of the Defendants' amended Answer. During discovery, Defendants learned that Plaintiff Woods may have misrepresented his status as a high-school graduate in his employment application. As a result, Defendants sought the Court's leave

to amend their Answer to add several affirmative defenses and a counterclaim of fraudulent inducement.  In their counterclaim, Defendants describe their injury as follows:

> FacilitySource suffered injury proximately caused by Plaintiff Woods' fraudulent behavior in that it employed Plaintiff Woods, despite the fact that he was not qualified for such employment, for over seven years and paid him during that time commensurate with someone who had, at a minimum, graduated from high school.

(Am. Answer ¶ 42, ECF No. 33.)  Defendants seek rescission of the employment contract as a remedy.  The Court granted Defendants' Motion to Amend on May 5, 2014 and gave the parties sixty-days to conduct discovery related to the new counterclaim.

The parties disagree over the extent and permissible scope of this limited discovery.  This matter came before the Court for a telephonic discovery conference on July 1, 2014.  (ECF No. 43.)  During that conference, the Court concluded that the discovery Plaintiff requested was not relevant to the Defendants' counterclaim.  The Court noted, however, that Plaintiffs' position might be better stated in a motion to compel discovery.  As a result, Plaintiffs timely filed the instant Motion.

In their Motion to Compel, Plaintiffs assert that the information they seek is relevant to determine whether Defendants suffered an injury as a result of hiring Plaintiff Woods.  They seek to discover the financial performance of Plaintiff Woods' accounts in order to determine whether his employment benefitted Defendants.  Plaintiffs also seek applications for employment and the qualifications of the applicants and employees hired for positions held by Plaintiff Woods.  Plaintiffs assert that this information is relevant because the "Counterclaim specifically alleges that Woods was not qualified for such employment . . . and [FacilitySource] paid him during that time commensurate with someone who had, at a minimum, graduated from high school."  (Pls.' Mot. 13, ECF No. 44.)  Plaintiffs further assert that Defendants did not provide documents

responsive to a specific request, despite their indication that responsive documents would be produced to the extent they existed. In the alternative, Plaintiffs request an extension of the discovery deadline as to Defendants' new affirmative defenses. They also ask the Court to deem admitted Defendants' answers to the Requests for Admissions because Defendants purportedly provided those responses one day late.

In their Memorandum in Opposition, Defendants assert that Plaintiffs are conflating the concepts of injury and damages. Defendants maintain that their injury stems from the fact that they were "tricked into employing someone who was not eligible for such employment." (Mem. in Opp. 2, ECF No. 45.) They contend that they would not have hired Defendant Woods if they had known that he did not graduate from high school and that he was terminated from a prior job for misrepresenting the same informtion. Defendants further assert that they have been injured by "having to expend the resources to investigate and defend against Woods' allegations that he deserved to be paid more as an Account Manager." (*Id.*) Defendants also provide Plaintiff Woods' online application, which indicates that the job called for a candidate with an education level of "High School or equivalent." (ECF No. 45-1.) Defendants oppose any extension in the discovery timeline, noting that the facts related to the counterclaim and affirmative defense of fraudulent inducement are the same. Finally, Defendants maintain that they timely provided their responses to Plaintiffs' Requests for Admissions.

In their Reply, Plaintiffs maintain that the discovery at issue is relevant to show the injury element of Defendants' fraudulent inducement counterclaim. They indicate that Defendants "have failed to provide any conclusive authority that a mere employment relationship can be enough to *per se* prove 'injury.'" (Reply 1, ECF No. 47.) Plaintiffs counter that Defendants are

the ones conflating the issues of injury and damages.  Finally, Plaintiffs seek discovery into the information Defendants reviewed during their inquiry into Plaintiffs' Requests for Admission.

## II.

Plaintiffs have moved the Court for an order compelling Defendants to respond to their discovery requests.  Federal Rule of Civil Procedure 37 permits a party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes a certification that the movant has, in good faith, conferred or attempted to confer with the party failing to respond to the requests.  Fed. R. Civ. P. 37(a)(1).  The Court is satisfied that this prerequisite to a motion to compel has been met in this case.  (Trolinger Aff. ¶ 3, ECF No. 44-1.)

Rule 37 of the Federal Rules of Civil Procedure allows for a motion to compel discovery responses when a party fails to answer an interrogatory submitted under Rule 33 or fails to produce documents as requested pursuant to Rule 34.  Fed. R. Civ. P. 37(a)(3)(B)(iv).  Rule 37 (a)(4) provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(4).

Determining the scope of discovery is within this Court's discretion.  *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998).  As the United States Court of Appeals for the Sixth Circuit has recognized, "[t]he scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad."  *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).  In particular, discovery is more liberal than the trial setting, as Rule 26(b) allows any "line of interrogation [that] is reasonably calculated to lead to the discovery of admissible evidence."  *Id.* (quoting *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 501 (6th Cir. 1970)).  In other terms, the Court construes discovery under Rule 26 "broadly to encompass any matter that bears on, or that

reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). In considering the scope of discovery, the Court may balance Plaintiffs' "right to discovery with the need to prevent 'fishing expeditions.'" *Conti v. Am. Axle & Mfg., Inc.*, 326 F. App'x 900, 907 (6th Cir. 2009) (quoting *Bush*, 161 F.3d at 367).

## III.

As set forth above, Plaintiff seeks an order compelling Defendant to respond to its discovery requests. Specifically, Plaintiffs seek a Court order (1) compelling Defendants to produce the documents requested and (2) deeming all matters within Plaintiffs' Requests for Admissions admitted. In the alternative, if the Court does not deem all matters admitted, Plaintiffs ask the Court to order Defendants Smith and Wagner to provide answers and to order Defendants to provide the documents reviewed when doing its inquiry in order to respond to Plaintiffs' Requests for Admission. Finally, Plaintiffs seek an extension of the discovery deadline. The Court will consider each of Plaintiffs' requests in turn.

As a preliminary matter, "[i]n order to prove fraud in the inducement, a plaintiff must prove that the defendant made a knowing, material misrepresentation with the intent of inducing the plaintiff's reliance, and that the plaintiff relied upon that misrepresentation to her detriment." *ABM Farms, Inc. v. Woods*, 81 Ohio St.3d 498, 502 (1998) (citing *Beer v. Griffith*, 61 Ohio St. 2d 119, 123 (1980)). "Ohio Courts have consistently held that the same elements must be proven to establish fraud or fraud in the inducement." *Mtge. Elec. Registration Sys., Inc. v. Mosley*, 2010 Ohio 2886, 2010 WL 2541245, at *7 (Ohio Ct. App. June 24, 2010); *see also Nat'l City Bank v. Slink & Taylor, LLC*, 2003 Ohio 6693, 2003 WL 22931355, at *5 (Ohio Ct. App. Dec. 12, 2003) (noting that a claim for fraud in the inducement "requires proof of virtually the same elements as

5

those of fraud"); *Potter Fur & Roots, Inc. v. Potter Group Worldwide, Inc.*, 2006-Ohio-4172, at *5 ("The elements of fraud and fraud in the inducement are essentially the same."). Thus, to set forth a claim of fraudulent inducement in Ohio, a party must demonstrate the following elements:

> [S]et forth sufficient facts demonstrating (1) a representation of fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with utter disregard and recklessness, as to whether it is true or false, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation, (6) and a resulting injury proximately caused by the reliance.

*Nat'l City Bank*, 2003 WL 22931355 at *4 (citing *Burr v. Bd. of Cty. Commrs. of Stark Cty.*, 23 Ohio St.3d 69, ¶ 2 of syllabus (1986)).

Each of the parties' discovery disputes center around the injury element. Both parties indicate that the other is conflating the concepts of injury and damages. Injury and damages are "'not legal equivalents and are therefore judged under different standards.'" *Anderson v. Wade*, 33 F. App'x 750, 756 (6th Cir. 2002) (quoting *Paull Anderson v. Julius Jennings Wade, Jr.*, No. 94-111, slip op. at 10-11 (E.D. Ky. June 14, 2000)). In considering the injury element in a fraudulent inducement claim, Ohio courts look to the economic and non-economic benefits of the contract. *Farris Disposal, Inc.*, 2005-Ohio-6737, 2005 WL 3483580, at *5 (Ohio Ct. App. Dec. 21, 2005) (concluding that appellee could not establish the injury element of a fraudulent inducement claim where he received an economic benefit from the contract and was not inconvenienced in other non-economic ways).

A.  **Requests for Production of Documents**

    1.  **Financial Information**

The Court concludes that Plaintiffs are not entitled to discovery into the financial performance of Plaintiff Woods' accounts. This issue has been convoluted because, in discussing their counterclaim, Defendants repeatedly refer to Plaintiff Woods as "not qualified"

for his position. (*See, e.g.,* Am. Answer ¶ 42, ECF No. 33 and Mem. in Opp. 2, ECF No. 45.) Plaintiffs assert that this opens the door to discovery into Plaintiff Woods' ability to perform his job responsibilities after he was hired. Defendants' counterclaim, however, relates to the fact that they would not have hired Plaintiff Woods and paid him at his salary level if he had honestly completed his application. Defendants do not allege that Plaintiff Woods was deficient in his job duties. Instead, they maintain that he was never qualified, by virtue of his application, to have been hired in the first place. Discovery into Plaintiff Woods' work performance is, therefore, not relevant to Defendants' counterclaim. *See, e.g., Whittle v. Proctor & Gamble*, No. 1:06-cv-744, 2008 WL 2746014, at *7 (S.D. Ohio July 11, 2008) ("A claim of fraudulent inducement addresses only conduct that occurs during the negotiation of a contract for the purpose of inducing the other party to enter into the contract. It does not address the conduct that occurs after the inception of the contract."); *MedChoice Fin., LLC v. ADS Alliance Data Sys., Inc.*, 875 F.Supp. 2d 665, 671(S.D. Ohio 2012) ("It is well settled . . . that fraudulent inducement implicates a general duty to avoid wrongful conduct that induces a party to *enter* a contract." (emphasis added)). Because Defendants nowhere allege in their counterclaim that Plaintiff Woods actually performed his job duties inadequately, discovery into the performance of his accounts is not relevant to Defendants' alleged injury, even under the wide scope of Federal Rule of Civil Procedure 26(b)(1).

### 2. Applications and Qualifications for Employment

The Court concludes that the documents requested in Plaintiffs' Request for Production of Documents numbers 5, 6, and 7 are relevant to Defendants' counterclaim but nevertheless overbroad. The disputed Requests for Production and Defendants' responses are as follows:

> 5) Produce any and all correspondence, documents, electronic files, spreadsheets, or databases containing applications for the position Plaintiff Woods was initially hired into at FacilitySource from 2005 to present.
>
> RESPONSE: Objection, this Request is not reasonably calculated to lead to the discovery of admissible evidence relative to Defendants' counterclaim. Without waiving said objection, any documents relating to other employment applications for the position known to contain false information will be produced.
>
> 6) Produce any and all correspondence, documents, electronic files, spreadsheets, or databases containing applications for any and all position[s] Plaintiff Woods held at FacilitySource from 2005 to present.
>
> RESPONSE: Objection, this Request is not reasonably calculated to lead to the discovery of admissible evidence relative to Defendants' counterclaim. Without waiving said objection, any documents relating to other employment applications for the position known to contain false information will be produced.
>
> 7) Produce any and all correspondence, documents, electronic files, spreadsheets, or databases containing the qualifications, including but not limited to extent of education, of those hired for any and all positions Plaintiff Woods held at FacilitySource from 2005 to present.
>
> RESPONSE: Objection, this Request is not reasonably calculated to lead to the discovery of admissible evidence relative to Defendants' counterclaim. Without waiving said objection, any documentation pertaining to the educational requirements for the position Plaintiff Woods applied for in 2005 was previously produced.

(Requests for Prod. of Docs. ¶ 5, 6, and 7, ECF No. 44-1.)

Defendants' counterclaim is based on the fact that Plaintiff Woods provided inaccurate information in his employment application. In their Memorandum in Opposition, Defendants posit that their "most obvious injury is that they were tricked into employing someone who was not eligible for such employment" and that "FacilitySource would not have hired [Plaintiff Woods] if they had known he did not graduate from high school. (Mem. in Opp. 2, ECF No. 45.) Because Defendants repeatedly assert that the basis of their injury is that they would not have hired Plaintiff if they had known he had not graduated from high school, the issue of the

qualifications of other individuals hired for Plaintiff's positions is relevant to Defendants' counterclaim. If Defendants have hired other individuals who do not have a high school education, this information would bear on a material matter related to the counterclaim. At a minimum, such discovery relates to Defendants' contention that they would not have hired Plaintiff Woods if not for his dishonesty at the time he completed his application for employment. Nevertheless, discovery into the qualifications of every applicant who ever applied to any of the positions Plaintiff Woods held is overly broad and unduly burdensome given the limited nature of Defendants' counterclaim. Defendants are therefore **ORDERED** to produce documents responsive to Requests 5, 6, and 7 *as to any applicant who indicated he or she did not have a high school or equivalent education*, to the extent that such documents exist. These documents should not be limited to those applications that contain false information, as Defendants have circumscribed their current response.

### 3. Request No. 9

Plaintiffs assert that Defendants have failed to produce documents responsive to Request for Production of Documents No. 9. The Request at issue and Defendants' response is as follows:

> 9) Produce any and all correspondence, documents, electronic files, spreadsheets, or databases relating to FacilitySource, LLC's hiring criteria and hiring process for any and all positions Plaintiff Woods held at FacilitySource from 2005 to present.
>
> RESPONSE: To the extent that responsive, non-privileged documents exist, they will be produced.

(Req. for Prod. of Docs. ¶9, ECF No. 44-1.) Defendants maintain that "various on-line employment applications forwarded via online job search databases have already been produced." (Mem. in Opp. 4, ECF No. 45.) They further note that they have not located additional documents responsive to the request.

Defendants have no obligation to create documents that do not exist. *See In re Porsche Cars, N.A., Inc.*, No. 2:11-md-2233, 2012 WL 4361430, at *9 (S.D. Ohio Sept. 25, 2012) ("If Defendants indicate that, after a reasonable inquiry, no documents exist that are responsive to the request, then their obligations under the Federal Rules are satisfied and the Court can compel nothing more.") (citing *Retail Ventures, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 2:06-CV-443, 2007 WL 3376831, at *2 (S.D. Ohio Nov. 8, 2007) and Fed. R. Civ. P. 34(a)). Plaintiffs' speculation that additional documents must exist is insufficient to compel judicial involvement unless they offer evidence that Defendants are improperly withholding documents. The Court therefore declines to compel Defendants to produce additional documents responsive to Request No. 9.

**B.    Requests for Admissions**

   **1.    Time of Service**

As an initial matter, the Court concludes that Defendants' response was timely served pursuant to Federal Rules of Civil Procedure 6(a)(1)(C) and 6(d). Both parties agree on the underlying facts. Plaintiff s served the Request for Admissions via email on May 23, 2014. Defendants served their responses on June 26, 2014. Plaintiffs contend that Defendants' response was one day late and therefore the Court should deem the requests admitted.

Pursuant to Federal Rule of Civil Procedure 36(a)(3), Defendants' had until June 22, 2014 to serve their responses. Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection . . . ."). Because the last day fell on a Sunday, the responses were due the next business day, June 23, 2014. Fed. R. Civ. P. 6(a)(1)(C) ("[I]f the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a

Saturday, Sunday, or legal holiday."). Thereafter, Defendants had an additional three days to serve the responses by email. Fed. R. Civ. P. 6(d). Defendants therefore timely served their responses on June 26, 2014.

### 2. Defendants' Responses to Plaintiffs' Requests for Admission

The Court concludes that, to the extent the Requests for Admission seek admissions into the quality of Plaintiff Woods' work performance, those Requests are not reasonably calculated to lead to the discovery of admissible evidence. *See Whittle*, 2008 WL 2746014 at *7 (indicating that conduct occurring after "the inception of the contract" is irrelevant to a claim of fraudulent inducement); *MedChoice* , 875 F.Supp. 2d at 671 (indicating that a claim for fraudulent inducement implicates only conduct that causes a party to *enter* a contract). All of the Requests served upon Messrs. Wagner and Smith are designed to elicit information regarding Plaintiff Woods' performance during his employment with FacilitySource. Therefore, the Court declines to order Defendants to take any further action with regard to Plaintiffs' Requests for Admissions as to Defendants Jordan Wagner and Duane E. Smith and FacilitySource Request No. 4.

The remaining requests propounded upon FacilitySource that are the subject of this Motion to Compel relate to Defendants' contention that they would not have hired Plaintiff Woods if he answered his application truthfully. As addressed above, these requests are relevant because they relate to the conduct occurring at the inception of Plaintiff Woods' employment contract.

Defendants indicate that they have made a reasonable inquiry but are unable to admit or deny these Requests. Plaintiffs, therefore, ask that the Court require Defendants to produce the documents they reviewed during their inquiry. Plaintiffs cite no case law describing the propriety of such a request. Moreover, the Court is reluctant to require Defendants to produce such a broad

11

range of information in order to respond to this limited discovery.  *See Conti*, 326 F. App'x at 907 (noting that a Court may balance Plaintiffs' "right to discovery with the need to prevent 'fishing expeditions.'") (quoting *Bush*, 161 F.3d at 367).  Furthermore, Plaintiffs' concerns will likely be addressed by Defendants' responses to Requests for Production of Documents Nos. 5, 6, and 7.

**C.     Request for Extension of Discovery Timeline**

The current discovery deadline is July 31, 2014.  Plaintiffs request an extension into the discovery deadline for a variety of reasons.  The Court will **GRANT** the parties an additional **FOURTEEN (14) DAYS** to complete limited discovery in accordance with this Order.  Thus, all discovery shall be completed **ON OR BEFORE AUGUST 14, 2014.**

**IV.**

For the reasons set forth above, Plaintiffs' Motion to Compel is **GRANTED IN PART AND DENIED IN PART.**  (ECF No. 44.)  Defendants are **ORDERED** to respond fully to the specific discovery requests as set forth above **WITHIN FOURTEEN (14) DAYS OF THE DATE OF THIS ORDER**.

**IT IS SO ORDERED.**

Date: July 30, 2014                                    */s/ Elizabeth A. Preston Deavers*
                                                        Elizabeth A. Preston Deavers
                                                        United States Magistrate Judge